### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| **Jeffrey Winchester** | * |
| 4007 Cooper Lane, Unit C-2 | |
| Landover Hills, Maryland 20784 | * |
| | |
| and | * |
| | |
| **Kenyatta C. White** | * |
| 1910 Rochelle Avenue, # 1522 | |
| Forestville, MD 20747 | * |
| | |
| and | * |
| | |
| **Don Jarrett** | * |
| 7135 Groveton Gardens, # 103 | |
| Alexandria, VA 22306-33186 | * |
| | |
| and | * |
| | |
| **Sharn Chapman** | * |
| 9590 Muirkirk Road, Apt. 102 | |
| Laurel, Maryland 20708 | * |
| | |
| *On behalf of themselves and* | * |
| *others similarly situated* | |
| | * |
| | |
| **Plaintiffs** | * |
| | |
| v. | *   Civil Action No. RWT-08-3445 |
| | |
| **Ourisman Imports, Inc.** | * |
| **d/b/a Ourisman Mitsubshi** | |
| **4400 Branch Avenue** | * |
| **Marlow Heights Maryland 20748** | |
| | * |
| and | |
| | * |
| **Abbas Khademi** | |
| c/o 4400 Branch Avenue | * |
| Marlow Heights Maryland 20748-1899 | |
| | * |
| and | |

|  |  |
|---|---|
| **Sudip Gupta** | * |
| c/o 4400 Branch Avenue | * |
| Marlow Heights Maryland 20748-1899 | * |
| **Defendants** | * |

## PLAINTIFFS' THIRD AMENDED COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT FOR MONEY DAMAGES

Plaintiffs, Mr. Jeffrey Winchester, Kenyatta C. White, Don Jarrett and Sharn Chapman, on behalf of themselves and others similarly situated, and through undersigned counsel, state a collective action complaint against Defendant Ourisman Imports, Inc., Mr. Abbas Khademi, and Mr. Sudip Gupta ("Defendants") pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and demand a jury trial, as follows:

### Jurisdiction and Venue

1. This is a civil action including claims for damages and relief provided by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1331, by virtue of 29 U.S.C. § 216(b).

2. At all times material herein, Defendant Ourisman Imports, Inc. d/b/a Ourisman Mitsubshi (hereinafter referred to as "Ourisman Mitsubshi"), has employed and is employing employees in or about its places of business in the activities of its enterprise engaged in interstate commerce. Said enterprise is a car dealership, which, at all times material herein, has had an annual gross volume of sales made or business done in an amount exceeding $500,000. Therefore, the employees of such enterprise are employed in an enterprise engaged in commerce or in the production of goods for

commerce within the meaning of the Fair Labor Standards Act, and Defendant Ourisman is and has been at all times material herein an "employer" within the meaning of the Fair Labor Standards Act, 29 U.S.C § 203(d).

3. Defendant Abbas Khademi ("Khademi") is and has been the General Manager of Ourisman Mitsubshi, and, on information and belief, a partial owner of Ourisman Mitsubshi, at all times material herein. Defendant Khademi is and has been, actively engaged in the management and direction of employees, including the Plaintiffs, at Defendant Ourisman Mitsubshi, including the operation of the dealership and employee pay matters, has possessed and exercised authority and discretion to fix, adjust and determine hours worked and amounts paid with respect to employees at Ourisman Mitsubshi. Defendant Khademi is and has been at all times material herein an "employer" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

4. Similarly, Defendant Sudip Gupta ("Gupta") is and has been the General Sales Manager of Ourisman Mitsubshi, and, on information and belief, a partial owner of Ourisman Mitsubshi, at all times material herein. Defendant Gupta is and has been, actively engaged in the management and direction of employees, including the Plaintiffs, at Defendant Ourisman Mitsubshi, including the operation of the dealership and employee pay matters, has possessed and exercised authority and discretion to fix, adjust and determine hours worked and amounts paid with respect to employees at Ourisman Mitsubshi. Defendant Gupta is and has been at all times material herein an "employer" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

5. Venue as to the Plaintiffs' Fair Labor Standards Act claims is properly set in this District, since, on information and belief, each of the Defendants reside in the

District, and have been and are engaged in business in the State of Maryland, where Plaintiffs were employed.

## General Allegations

6. Plaintiffs, and others similarly situated, were employed by Defendants on various dates and in various workweeks during the three-year period prior to filing this Complaint. Plaintiffs, and others similarly situated, were employed by Defendants as car salespersons and were responsible for generating new and/or used car sales for Ourisman Mitsubshi and primarily performed the duties described herein at the dealership in Marlow Heights, Maryland. Plaintiffs, and others similarly situated, were paid small weekly draw of $ 150 and were sometimes paid a monthly commission by the Defendants. The weekly draw of $150.00 was not enough to cover the number of hours worked each week, multiplied by the then-applicable minimum wage.

7. There were many months when Plaintiffs, and other similarly situated sales representatives at Ourisman Mitsubshi, never received a monthly commission payment. This happens due to two distinct sets of circumstances. First, Defendants deducted the draws from their monthly commission; during some months the commissions earned on sales were not enough to cover the draws for the month. Second, Ourisman Mitsubishi has a practice of loaning customers money, so as to create the appearance to financing vendors that the customer is actually putting up a down payment for the purchase of a vehicle (when in fact, the customer is actually putting down no money). The loans are documented between the customer and Ourisman Mitsubishi in the form of a promissory note. Some customers, however, do not repay the promissory note. As a result, all of the unpaid promissory notes which were accepted from customers for the down payments on

their cars are deducted from the monthly commissions earned by Plaintiffs, and others similarly situated sales representatives at Ourisman Mitsubshi. As a consequence of these two sets of circumstances, Plaintiffs, and other similarly situated sales representatives at Ourisman Mitsubshi, often worked more than 60 hours a week for a grand total of $150.00.

8. There are many current and former sales representatives who did not receive a monthly commission payment because of the deductions, and, therefore, did not receive the required minimum wage for the time they spent performing work for the Defendants in any of the statutory workweeks for that month. Defendants routinely issued monthly commission checks to Plaintiffs, and other similarly situated sales representatives at Ourisman Mitsubshi, for $ 0.00 because of the deductions.

9. Ourisman Mitsubshi maintains a common policy or practice, which applies to all of the sales representatives, in which they are not paid the required minimum wage for each week unless they have earned a sufficient monthly commission. All of the sales representatives at Ourisman Mitsubshi are compensated in the same manner.

10. During a large number of workweeks, Plaintiffs, and other similarly situated sales representatives, did not receive the statutory minimum wage from Defendants from any type of compensation (draws and/or monthly commissions) for the hours that they actually worked. Plaintiff Winchester sometimes did not receive the required minimum wage for eight consecutive workweeks. Defendants have failed and refused to pay Plaintiffs, and others similarly situated, the statutory minimum wage required by law for their work. This is a policy/practice common to Defendants' operations at the Ourisman

Chevrolet and Mitsubshi dealerships in Prince George's County, and, on information and belief, a number of other Ourisman car dealerships.

      11. Plaintiff Chapman was transferred from the Ourisman Chevrolet dealership where he had been employed since 2006 to the Ourisman Mitsubshi dealership for approximately five weeks in 2008. During his employment by Defendant Ourisman Mitsubshi, Plaintiff Chapman did not receive the minimum wage for any of the statutory work weeks that he worked for the Defendants. Although Plaintiff Chapman worked far more than 40 hours a week, the only compensation which he received from the Defendant Ourisman Mitsubshi was a weekly draw of $ 150.00. Plaintiff Chapman has attached pay stubs for the weekly pay periods ending 2/9/08, 2/16/08, 2/23/08, and 3/1/08 as Exhibit A to his Consent to be a Party Plaintiff. These checks were the only compensation which Plaintiff Chapman received for these weeks. Plaintiff did receive a monthly commission check for the month of February, 2008, but it was for "NO DOLLARS AND 00/100." The check is dated March 10, 2008. Defendants violated the FLSA by failing to pay Plaintiff Chapman the required minimum wage during any of the pay periods in which he was employed by the Defendants.

      12. Plaintiffs, and other similarly situated sales representatives, routinely work at least six days a week. Defendants had knowledge that the Plaintiffs, and other similarly situated sales representatives, regularly work more than fifty hours per week, required them to underreport their actual hours worked, and had knowledge that the Plaintiffs had, from time to time, failed to receive at least the minimum wage for services performed during a statutory workweek.

6

13.     In fact, Defendants knew or had reason to believe that Defendants were subject to the Fair Labor Standards Act, because upon information and belief, Defendants not only manipulated the time sheets of the Plaintiffs, and others similarly situated, by demanding that the Plaintiffs, and others similarly situated, submit time sheets reflecting less than actual number of hours worked in order to be paid.  In <u>Chapman v. Ourisman Chevrolet Co., Inc.</u>, AW 08-2545 (D. Md), auto salespersons from a Chevrolet dealership who have brought a similar collective action pursuant to 29 U.S.C. § 216(b), and who are also complaining of a failure to pay the minimum wage, have claimed that Defendant Khademi discouraged auto salespersons from asking for payment for the statutorily required minimum wage, by suggesting, among other things, that if such a demand is made, "we will have to part ways."  Even after suit in <u>Chapman</u> was filed, Defendant Ourisman Mitsubishi, which is located right next to the Chevrolet dealership, and who shares some of the same principals (and a common owner, "Ourisman Automotive Enterprises") as Ourisman Chevrolet Co., Inc., namely Defendant Khademi, has, upon information and belief, failed to properly pay current employees of Ourisman Mitsubishi the minimum wage for all hours in each statutory workweek, and has failed to repay past minimum wage violations.

14.     Defendants were required by law to record the hours worked by and the commissions paid to Plaintiffs, and Defendants have, or should have, records sufficient to permit a calculation of the hours worked, and the minimum wage underpayments, for the Plaintiffs, and others similarly situated.  At this time and prior to conducting discovery, Plaintiffs do not have sufficient documents or information in their possession to calculate their unpaid statutory minimum wages.  Plaintiffs reserve the right to offer appropriate

calculations based wholly or in part upon information with the control of Defendants, and to request appropriate awards concerning those Plaintiffs, and others similarly situated, for whom it has not yet been practicable to offer a calculation of backpay due.

15. By virtue of their interest, individually and collectively, and their individual and collective participation in the business of Ourisman Mitsubshi, Defendants Abbas Khademi and Sudip Gupta are responsible under the Fair Labor Standards Act jointly and severally with Defendant Ourisman Mitsubshi for any unlawful failure to pay minimum wage compensation to Plaintiffs, and others similarly situated.

## COUNT I
### (Fair Labor Standards Act -- Minimum Wage)

16. Plaintiffs reallege paragraphs 1-15 of the Complaint, and incorporate herein the allegations of facts and circumstances in those paragraphs.

17. By failing to pay Plaintiffs, and others similarly situated, the statutory minimum wage for the work described in paragraphs 6-15, Defendants violated Section 6 of the Fair Labor Standards Act, 29 U.S.C. § 206.

18. Defendants' violation of the Fair Labor Standards Act was willful.

## Prayer

Based on the foregoing allegations, Plaintiffs respectfully requests that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees; and in support thereof, requests this Honorable Court to issue the following Orders:

(a) Certify this action as a collective action pursuant to 29 U.S.C. § 216(b), issue an appropriate Notice to potential opt-in Plaintiffs who performed work as auto

salespersons under a strict commission arrangement, and supervise the maintenance of this collective action;

  (b) Order Defendants to pay Plaintiffs for all unpaid minimum wage payments determined by the Court to be due and owing to the Plaintiffs under the FLSA, as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments awarded to Plaintiffs, for the three year preceding the filing of this lawsuit;

  (c) Award Plaintiffs their attorneys' fees and costs in pursuing this action;

  (d) Award Plaintiffs interest on any sums determined due and owing from Defendants;

  (e) Grant Plaintiffs any additional relief that the Court deems appropriate and just.

          Respectfully submitted,

          _____/s/_____
          Bradford W. Warbasse, Esq. (Bar No. 07304)
          Suite 103-B
          9199 Reisterstown Road
          Owings Mills, MD 21117
          (410) 654-3950


          _____/s/_____
          Howard B. Hoffman, Esq. (Bar No. 25965)
          Attorney at Law
          600 Jefferson Plaza, Suite 304
          Rockville, Maryland 20852
          (301) 251-3752
          (301) 251-3753 (fax)

          *Attorney for Plaintiffs*

**<u>Jury Demand</u>**

The Plaintiffs, by their attorney, hereby demands a jury trial as to all issues triable by a jury.

```
              /s/
Howard B. Hoffman, Esq.
```