IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| JEFFREY WINCHESTER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 8:08-cv-03445-RWT |
| ) | |
| OURISMAN IMPORTS, INC., *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendants Ourisman Imports, Inc. ("Ourisman Imports"), Abbas Khademi, and Sudip Gupta (collectively, "Defendants"), in answer to Plaintiffs' Third Amended Complaint, state as follows:

### Jurisdiction and Venue

1. Plaintiffs' statement of venue contains no specific averments of fact or law which require an answer.

2. Defendants admit that Ourisman Mitsubishi is a car dealership with an annual gross volume of sales made or business done in an amount exceeding $500,000.00 and that Ourisman Mitsubishi has employed and is employing employees in or about its places of business in its activities of its business. To the extent that any averments contained in Paragraph 2 require a determination of law, no answer is necessary, and to the extent an answer is required, all other averments are denied.

3. Defendants admit that Defendant Khademi was employed until recently as a General Manager of Ourisman Mitsubishi, but deny the remaining averments contained in Paragraph 3. To the

extent that any averments contained in Paragraph 3 require a determination of law, no answer is necessary, and to the extent an answer is required, all other averments are denied.

4. Defendants admit that Defendant Gupta is and has been a Manager at Ourisman Mitsubishi, but deny the remaining averments contained in Paragraph 4. To the extent that any averments contained in Paragraph 4 require a determination of law, no answer is necessary, and to the extent an answer is required, all other averments are denied.

5. Defendants admit that Ourisman Mitsubishi is engaged in business in the State of Maryland. To the extent that any averments contained in Paragraph 4 require a determination of law, no answer is necessary, and to the extent an answer is required, all other averments are denied.

## General Averments

6. Defendants admit that Plaintiffs identified in the Complaint were employed as vehicle salespersons by Ourisman Mitsubishi on various dates and in various work weeks during the three-year period prior to filing the Complaint. Defendants admit that the named Plaintiffs were paid on a monthly basis by commission and also received a weekly draw of $150.00. To the extent that any averments in Paragraph 6 require a determination of law, no answer is necessary, and to the extent an answer is required, all other averments are denied.

7. Defendants deny the averments contained in Paragraph 7.

8. Defendants deny the averments contained in Paragraph 8.

9. Defendants deny the averments contained in Paragraph 9.

10. Defendants deny the averments contained in Paragraph 10.

11. Defendants admit that Plaintiff Chapman was an employee of Ourisman Mitsubishi for approximately five weeks in 2008. To the extent that any averments in Paragraph 11 require a

determination of law, no answer is necessary, and to the extent an answer is required, all other averments are denied.

12. Defendants deny the averments contained in Paragraph 12.

13. Defendants deny the averments contained in Paragraph 13. To the extent that the averments of Paragraph 13 refer to claims made in the context of a different lawsuit not involving Plaintiffs in this case, no answer is necessary, and to the extent an answer is required, all other averments are denied.

14. Defendants have insufficient information to respond to Plaintiffs' averments concerning the documents and information available to Plaintiffs at this time. To the extent that any averments in Paragraph 14 require a determination of law, no answer is necessary, and to the extent an answer is required, all other averments are denied.

15. The averments contained in Paragraph 15 contain no specific averments of fact or law which require an answer.

## COUNT I
### (Fair Labor Standards Act – Minimum Wage)

16. Defendants have already responded to Paragraphs 1 through 15; to the extent that those averments have been admitted, they are admitted; to the extent those averments have been denied, they are denied.

17. The averments contained in Paragraph 17 require a determination of law and no answer is necessary, and to the extent an answer is required, they are denied.

18. The averments contained in Paragraph 18 require a determination of law and no answer is necessary, and to the extent an answer is required, they are denied.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiffs fail to state a claim on which relief may be granted.

### Second Defense

Plaintiffs' claims are barred by the Statute of Limitations and Laches.

### Third Defense

In the event that the Court were to find that Plaintiffs were entitled to additional compensation, liquidated damages cannot be assessed because Defendants had reasonable grounds for believing Plaintiffs did not work more than 40 hours per week or were appropriately paid for all hours worked, and were not entitled to any additional compensation.

### Fourth Defense

In the event that the Court were to find that Plaintiffs were entitled to additional compensation, any failure to pay compensation as required by the FLSA was not willful or intentional and, therefore, the appropriate Statute of Limitations for considering Plaintiffs' claims is two years, not three as claimed.

### Fifth Defense

Defendants Khademi and Gupta did not exercise sufficient supervisory or operational control over employment practices at Ourisman and, therefore, cannot be considered employers, individually, under the FLSA.

### Sixth Defense

Defendants specifically deny that any of their actions regarding Plaintiffs were wrongful, illegal, retaliatory or improper under any federal, state, local or common law, regulation and/or ordinance, and,

therefore, has no liability to Plaintiffs; and, further, any allegation of the Compliant that has not been expressly admitted herein above, is denied.

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation contained in Plaintiff's Third Amended Complaint except for those expressly admitted. In several instances, the Defendants have identified statements in the complaint that are legal conclusions or non-factual statements rather than factual assertions. No response to these legal conclusions or non-factual statements is required.

WHEREFORE, Defendants having fully answered, respectfully request that this action be dismissed with prejudice and that Defendants be granted their costs.

Respectfully submitted,

_____/s/_____
Brad D. Weiss (Bar No. 09155)
Kimberly S. MacCumbee (Bar No. 15857)
Charapp & Weiss, LLP
8300 Greensboro Drive, Suite 200
McLean, Virginia 22102
(703) 564-0220 (office)
(703) 564-0221 (facsimile)
*Counsel for Defendants Ourisman Imports, Inc.*
*Abbas Khademi, and Sudip Gupta*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2009 a true and correct copy of the foregoing Answer was served via the Court's CM/ECF Filing System which will send an electronic notification of filing (NEF) to the following:

> Howard B. Hoffman, Esq. (Bar No. 25965)
> 600 Jefferson Plaza, Suite 304
> Rockville, Maryland 20852
> (301) 251-3752 (office)
> (301) 251-3753 (facsimile)
> HBHoffmanEsq@aol.com
>
> Bradford W. Warbasse, Esq. (Bar No. 07304)
> 9199 Reistertown Road, Suite 103-B
> Owings Mills, Maryland 21117
> (410) 654-3950 (office)
> (410) 654-3952 (facsimile)
> warbasselaw@gmail.com
> *Counsel for Plaintiffs*

_____/s/_____
Brad D. Weiss
Kimberly S. MacCumbee
